IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.    3:23-CR-092 |
| ) | |
| HARMANPREET SINGH, et al. ) | |
| ) | |
| Defendant ) | |

**DEFENDANT HARMANPREET SINGH'S OBJECTIONS
TO PRE-SENTENCE INVESTIGATION AND REPORT**

COMES NOW, Defendant, HARMANPREET SINGH (hereinafter "Mr. Singh"), by and through counsel undersigned and respectfully presents his objections to the Pre-Sentence Investigation And Report filed by the Probation Office. In support thereof, Mr. Singh states as follows:

1. Mr. Singh stands convicted after a jury trial of the following crimes: (1) Conspiracy to Commit Forced Labor (18 U.S.C. §§ 1549(b) and 1589; (2) Forced Labor (18 U.S.C. §§ 1589, 1594(a) and 2); (3) Harboring an Alien for Financial Gain (8 U.S.C. §1324 and 18 U.S.C. § 2); (4) Document Servitude (18 U.S.C. §§ 1592 and 2); and (5) Unlawful Conduct with Respect to Immigration Documents (18 U.S.C. §§ 1597 and 2).

2. Where "[a]t sentencing" there remains "any dispute" as to a "portion of the presentence report," the Court "must . . . rule on the dispute." Fed. R. Crim. P. 32(i)(3)(B). The court, at sentencing, may rely on relevant information before it . . . provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Cox*, 744 F.3d 305,

1

308 (4th Cir. 2014); see also *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) ("When sentencing courts engage in fact finding, preponderance of the evidence is the appropriate standard of proof.")

3. First, paragraph 15 implies that BS was born in 2001. As the evidence at trial conclusively demonstrated, BS's actual birth was July 14, 2000.

4. Next, paragraph 30 states that from 2018 through 2021, BS relied on the defendants for his transportation to and from the Lovely Market. However, when the defendants were in India, BS did have a bicycle that he used for transportation, as is indicated in paragraph 54 of the presentence report.

5. Next, paragraph 116 states that Mr. Singh filed for Chapter 7 bankruptcy in 2018. This is incorrect. Mr. Singh has never filed for bankruptcy protection. Counsel for Mr. Singh have downloaded and reviewed the bankruptcy petition referenced by the Probation Office and have confirmed that the petitioner in that case maintained a different social security number as well as a different residential address than that of Mr. Singh.

WHEREFORE, Defendant Harmanpreet Singh respectfully presents his objections to the Pre-Sentence Investigation And Report filed by the Probation Office.

        Respectfully submitted,
        HARMANPREET SINGH
        By Counsel

By: */s/ Atchuthan Sriskandarajah*
Atchuthan Sriskandarajah, Esquire
VSB 41115
LAW OFFICES OF SRIS, PC
4008 Williamsburg Court
Fairfax, VA 22032
T (703) 278-0405
F (703) 278-0420
E sris@srislawyer.com
**Counsel for Defendant**

By: */s/ Matthew W. Greene*
Matthew W. Greene, Esquire
VSB 37538
Of Counsel
Law Offices of SRIS, pc
4008 Williamsburg Court
Fairfax, VA 22032
T (703) 278-0405
F (703) 278-0420
E matthew.greene@srislawyer.com
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17, 2024, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system which will then send notification of such filing (NEF) to all counsel of record.

By: */s/ Matthew W. Greene*
Matthew W. Greene, Esquire
VSB 37538
Of Counsel
LAW OFFICES OF SRIS, PC
4008 Williamsburg Court
Fairfax, VA 22032
T (703) 278-0405
F (703) 278-0420
E matthew.greene@srislawyer.com
**Counsel for Defendant**